1 **JOHN C. LEMON**
California Bar No. 175847
2 **LAW OFFICES OF JOHN C. LEMON, APC**
1350 Columbia Street, Suite 600
3 San Diego, California 92101
Telephone: (619) 794-0423
4 email: jlemon@san.rr.com

5 Attorney for **Mr. Ramirez-Perez**

6

7 UNITED STATES DISTRICT COURT

8 SOUTHERN DISTRICT OF CALIFORNIA

9 **(HONORABLE JANICE L. SAMARTINO)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  **TOMAS RAMIREZ-PEREZ,**  Defendant. | Criminal No. 08cr0626-JLS  Date: April 11, 2008  Time: 1:30 p.m.  **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**

On February 7, 2008, Mr. Ramirez-Perez was arrested approximately four miles west of the San Ysidro Port of Entry and approximately 500 yards north of the international border. On March 5, 2008, the grand jury for the Southern District of California returned a one-count indictment charging Mr. Ramirez-Perez with being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a) & (b). On February 26, 2007, Mr. Ramirez-Perez was arraigned on the indictment.

//
//
//
//

## II.

## **MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Mr. Ramirez-Perez moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items about which the prosecutor knows, but includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. *See generally Kyles v. Whitley,* 514 U.S. 419 (1995); *United States v. Bryan,* 868 F.2d 1032 (9th Cir. 1989).

1.   <u>The Defendant's Statements</u>. The government must disclose to Mr. Ramirez-Perez *all* copies of any written or recorded statements made by Mr. Ramirez-Perez; the substance of any statements made by Mr. Ramirez-Perez that the government intends to offer in evidence at trial; any response by Mr. Ramirez-Perez to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. Ramirez-Perez's oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings that may have been given to Mr. Ramirez-Perez; and any other statements by Mr. Ramirez-Perez. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* of Mr. Ramirez-Perez's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2.   <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Ramirez-Perez also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Ramirez-Perez or any other discoverable material is contained. Mr. Dalley includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROI's that the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and *Brady v. Maryland,* 373 U.S. 83 (1963). *See also Loux v. United States,* 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Ramirez-Perez are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether

or not the government deems them discoverable.

3. <u>*Brady* Material</u>. Mr. Ramirez-Perez requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or evidence that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley,* 473 U.S. 667 (1985); *United States v. Agurs,* 427 U.S. 97 (1976).

4. <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to *Brady,* 373 U.S. 83. The government must disclose any cooperation or attempted cooperation by Mr. Ramirez-Perez, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Ramirez-Perez's criminal history, or any other application of the Guidelines.

5. <u>The Defendant's Prior Record</u>. Evidence of a prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(D). Mr. Ramirez-Perez specifically requests a complete copy of any criminal record.

6. <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke,* 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions).

7. <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8. <u>Request for Preservation of Evidence</u>. The defense specifically requests that all **dispatch tapes** or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, Mr. Ramirez-Perez 's personal effects, and any

1  evidence seized from Mr. Ramirez-Perez or any third party.

2  Mr. Ramirez-Perez requests that the prosecutor be ordered to *question* all the agencies and
3  individuals involved in the prosecution and investigation of this case to determine if such evidence exists,
4  and if it does exist, to inform those parties to preserve any such evidence.

5  9.  <u>Henthorn</u> Material.  Mr. Ramirez-Perez requests that the Assistant United States Attorney
6  ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent
7  (including local and state authorities) involved in the present case for impeachment material. *See Kyles v.*
8  *Whitley,* 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any
9  favorable evidence known to the others acting on the government's behalf in the case, including the police");
10 *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991).  This request includes, but is not limited to, any
11 complaints filed (by a member of the public, by another agent, or any other person) against the agent,
12 whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary
13 review was undertaken, whether or not any disciplinary action was ultimately recommended.  Mr. Ramirez-
14 Perez further requests production of any such information at least *one week* prior to the motion hearing and
15 two weeks prior to trial.  If the prosecutor is uncertain whether certain information should be disclosed
16 pursuant to this request, this information should be produced to the Court in advance of the motion hearing
17 and the trial for an *in camera* inspection.

18 10.  <u>Tangible Objects</u>.  Mr. Ramirez-Perez requests the opportunity to inspect, copy, and test, as
19 necessary, all other documents and tangible objects, including photographs, books, papers, documents,
20 fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for
21 use in the government's case-in-chief or were obtained from or belong to Mr. Ramirez-Perez . Fed. R. Crim.
22 P. 16(a)(1)(E). **Mr. Ramirez-Perez specifically requests the opportunity to view and copy documents**
23 **from his "A-File."**

24 11.  <u>Expert Witnesses</u>.  Mr. Ramirez-Perez requests the name, qualifications, and a written
25 summary of the testimony of any person that the government intends to call as an expert witness during its
26 case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  This summary should include a description of the witness'
27 opinion(s), as well as the bases and the reasons for the opinion(s). *See United States v. Duvall,* 272 F.3d 825
28 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe

1  police detective's testimony in drug prosecution where notice provided only a list of the general subject
2  matters to be covered and failed to identify what opinion the expert would offer on those subjects).

3  Because of the nature of the charged offense, Mr. Ramirez-Perez requests the notice of expert
4  testimony be provided at a minimum of *six weeks prior to trial* so that the defense can properly prepare to
5  address and respond to this testimony, including obtaining its own expert and/or investigating the opinions,
6  credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility
7  of qualifications of any expert. *See Kumho v. Carmichael Tire Co.,* 526 U.S. 137, 119 S.Ct. 1167, 1176
8  (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such
9  determinations may require "special briefing or other proceedings").

10  12.    Impeachment evidence.  Mr. Ramirez-Perez requests any evidence that any prospective
11  government witness has engaged in any criminal act whether or not resulting in a conviction and whether
12  any witness has made a statement favorable to Mr. Ramirez-Perez. *See* Fed. R. Evid. 608, 609 and 613.
13  Such evidence is discoverable under *Brady,* 373 U.S. 83. *See United States v. Strifler,* 851 F.2d 1197 (9th
14  Cir. 1988) (witness' prior record); *Thomas v. United States,* 343 F.2d 49 (9th Cir. 1965) (evidence that
15  detracts from a witness' credibility).

16  13.    Evidence of Criminal Investigation of Any Government Witness.  Mr. Ramirez-Perez
17  requests any evidence that any prospective witness is under investigation by federal, state or local authorities
18  for any criminal conduct. *United States v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

19  14.    Evidence of Bias or Motive to Lie.  Mr. Ramirez-Perez requests any evidence that any
20  prospective government witness is biased or prejudiced against Mr. Ramirez-Perez, or has a motive to falsify
21  or distort his or her testimony. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *Strifler,* 851 F.2d 1197.

22  15.    Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity.  Mr.
23  Ramirez-Perez requests any evidence, including any medical or psychiatric report or evaluation, tending to
24  show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is
25  impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever
26  been an alcoholic. *Strifler,* 851 F.2d 1197; *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980).

27  16.    Witness Addresses.  Mr. Ramirez-Perez requests the name and last known address of each
28  prospective government witness. *See United States v. Napue,* 834 F.2d 1311 (7th Cir. 1987); *United States*

1 *v. Tucker,* 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective);

2 *United States v. Cook,* 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

3 Mr. Ramirez-Perez also requests the name and last known address of every witness to the crime or crimes

4 charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government

5 witness. *United States v. Cadet,* 727 F.2d 1453 (9th Cir. 1984).

6       17.     <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Ramirez-Perez requests the name of

7 any witness who made any arguably favorable statement concerning Mr. Ramirez-Perez. *Jackson v.*

8 *Wainwright,* 390 F.2d 288 (5th Cir. 1968); *Chavis,* 637 F.2d at 223; *Jones v. Jago,* 575 F.2d 1164, 1168 (6th

9 Cir. 1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979), *cert. denied,* 444 U.S. 1086 (1980).

10       18.     <u>Statements Relevant to the Defense</u>. Mr. Ramirez-Perez requests disclosure of any statement

11 that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux,*

12 685 F.2d 1105 (9th Cir. 1982). This includes grand jury transcripts that are relevant to the defense motion

13 to dismiss the indictment.

14       19.     <u>Jencks Act Material</u>. Mr. Ramirez-Perez requests production in advance of the motion

15 hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the

16 Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2  Advance production will avoid the possibility of

17 delay of the motion hearing or trial to allow Mr. Ramirez-Perez to investigate the Jencks material. Mr.

18 Ramirez-Perez requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and

19 to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

20       20.     *<u>Giglio</u>* <u>Information</u>. Pursuant to *Giglio v. United States,* 405 U.S. 150 (1972), Mr. Ramirez-

21 Perez requests all statements and/or promises, expressed or implied, made to any government witnesses, in

22 exchange for their testimony in this case, and all other information that could arguably be used for the

23 impeachment of any government witnesses.

24       21.     <u>Agreements Between the Government and Witnesses</u>. Mr. Ramirez-Perez requests discovery

25 regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future

26 compensation, or any other kind of agreement or understanding, including any implicit understanding

27 relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government

28 witness and the government (federal, state and/or local). This request also includes any discussion with a

1  potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or
2  any possible plea bargain, even if no bargain was made or the advice not followed.

3    22. <u>Informants and Cooperating Witnesses</u>. Mr. Ramirez-Perez requests disclosure of the names
4  and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
5  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
6  charged against Mr. Ramirez-Perez. The government must disclose the informant's identity and location,
7  as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.
8  *Roviaro v. United States,* 353 U.S. 52, 61-62 (1957). The government must disclose any information derived
9  from informants that exculpates or tends to exculpate Mr. Ramirez-Perez.

10    23. <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Ramirez-Perez requests disclosure of any
11  information indicating bias on the part of any informant or cooperating witness. *Giglio,* 405 U.S. 150. Such
12  information would include what, if any, inducements, favors, payments or threats were made to the witness
13  to secure cooperation with the authorities.

14    24. <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Ramirez-Perez
15  requests all citizen complaints and other related internal affairs documents involving any of the federal, state
16  or local law enforcement officers who were involved in the investigation, search, arrest and interrogation
17  of Mr. Ramirez-Perez. *See Pitchess v. Superior Court,* 11 Cal. 3d 531, 539 (1974). Because of the sensitive
18  nature of these documents, defense counsel will be unable to procure them from any other source.

19    25. <u>Training of Relevant Law Enforcement Officers</u>. Mr. Ramirez-Perez requests copies of all
20  written, videotaped or otherwise recorded policies or training instructions or manuals issued by all law
21  enforcement agencies involved in the case (CHP, Border Patrol, etc,) to their employees regarding policies
22  regarding: a) "immigration inspections" of suspected deported felons, b) policies regarding videotaping
23  suspect statements; c) informing suspects of their administrative and constitutional rights; and d) the
24  questioning of suspects and witnesses.

25    26. <u>Performance Goals and Policy Awards</u>. Mr. Ramirez-Perez requests disclosure of
26  information regarding standards used for measuring, compensating or reprimanding the conduct of all law
27  enforcement officers involved in the case (Border Patrol, etc.) to the extent such information relates to the
28  detection of contraband.

27. <u>Residual Request</u>.  Mr. Ramirez-Perez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.

Mr. Ramirez-Perez requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial and the next motion hearing date.

## III.

## CONCLUSION

For the foregoing reasons, Mr. Ramirez-Perez respectfully requests that this Court grant his motion to compel discovery.  Mr. Ramirez-Perez also requests leave to file substantive motions after having the opportunity to review his A-file.

Respectfully submitted,

Dated: March 28, 2008

**/s John C.Lemon**
**JOHN C. LEMON**
Attorney for Mr. Ramirez-Perez