KAREN P. HEWITT
United States Attorney
CHRISTOPHER P. TENORIO
Assistant U.S. Attorney
California State Bar No. 166022
880 Front Street, Suite 6293
San Diego, California 92101-8893
Telephone: (619) 557-7843
Christopher.Tenorio@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0626-JLS |
| Plaintiff, | DATE: April 11, 2008<br>TIME: 1:30 p.m. |
| v. | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY |
| TOMAS RAMIREZ-PEREZ, | |
| Defendant. | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christopher P. Tenorio, Assistant United States Attorney, and hereby files its response and opposition to Defendant's motion to compel discovery. Said response is based upon the files and records of the case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//
//
//
//
//

**I.**

**STATEMENT OF FACTS**

**A.   PRESENT OFFENSE**

On February 7, 2008, at approximately 11:20 p.m., Border Patrol Agent Michael Spear responded to the activation of a seismic sensor activated near "Spooner's Mesa," located approximately four miles west of the San Ysidro, California Port of Entry and five-hundred yards north of the U.S.-Mexico International border.  A scope operator relayed that a group of seven individuals was seen running northbound in the area.  Agent Spear subsequently found the seven individuals hiding in brush in the area.  One of individuals, subsequently identified as Defendant Tomas Ramirez-Perez, attempted to abscond. After a brief pursuit, Agent Spear apprehended Defendant and returned him to the remainder of the group.

Agent Spear identified himself to the group as a Border Patrol Agent in English and Spanish .  Pursuant to an immigration inspection, all of the individuals, including Defendant, stated that they were Mexican citizens with no immigration documents to permit them to be or remain in the United States.  Agents arrested Defendant and the others and transported them to the Imperial Beach Border Patrol Station.

At the station, at approximately 3:38 a.m., Border Patrol Agent Clinton Engledow advised Defendant of his right to contact the Mexican Consulate.  Defendant stated that he understood but declined to exercise his right.

At approximately 3:43 a.m., Agent Engledow advised Defendant of his <u>Miranda</u> rights in Spanish, reading from a Form I-214.  Border Patrol Agent Noe Lopez witnessed the advisal.  Defendant stated that

1  he understood his rights and was willing to answer questions without
2  the presence of an attorney. Defendant provided a sworn statement
3  that he is a citizen and national of Mexico without documents to
4  remain legally. He further admitted that he entered the United States
5  the day before by jumping over the boundary fence near San Ysidro.
6  Defendant's statement was digitally recorded.
7      Defendant was subsequently indicted on March 5, 2008 for
8  Attempted Entry after Deportation, in violation of Title 8, United
9  States Code, Section 1326(a) and (b).
10     **B.    PRIOR HISTORY**
11         **1.    Criminal History**
12     Defendant's prior criminal convictions include a prior
13 misdemeanor and felony conviction for Illegal Entry on August 6, 2004,
14 in violation of Title 8, United States Code, Section 1325, in the
15 Southern District of California. Defendant was also convicted in the
16 District of Oregon of Illegal Reentry after Deportation, in violation
17 of Title 8, United States Code, Section 1326, on December 15, 1998 and
18 August 31, 1994.
19     On August 24, 1993, Defendant was convicted of Unlawful Delivery
20 of a Controlled Substance(felony), in violation of ORS 475.992(1)(b),
21 in the Circuit Court of the State of Oregon for Lane County.
22         **2.    Immigration History**
23     Defendant was previously ordered deported on April 18, 1996 by
24 an Immigration Judge. Defendant was most recently deported on
25 December 15, 2007 through San Ysidro, California. Defendant was also
26 deported on June 15, 2004 through Brownsville, Texas, and on August
27 20, 1997 through Laredo, Texas.
28 //

**II.**

**THE GOVERNMENT WILL PROVIDE DISCOVERY AS PROVIDED HEREIN**

Except as described below, the Court should deny Defendant's discovery requests.

### 1.   Rule 16(a)(1)(A): Defendant's Statements

The Government has disclosed all known written and statements of the Defendant and the substance of oral statements made by the Defendant in response to questions by government agents in this case.

### 2.   Documents, Arrest Reports, and Tangible Evidence

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the Defendant.

### 3.   Rule 16, and Brady: For Exculpatory Evidence

The Government is well aware of, and will fully perform, its duty under, Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Accordingly, the Government will disclose exculpatory evidence within its possession that is material to the issue of guilt. Defendant is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the Government's case. As the Ninth Circuit Court of Appeals stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-75 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government is not required to create non-existent exculpatory material); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure).

### 4. Rule 16, and Brady: For Sentencing

The Government is also well aware of, and will fully perform, its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) regarding evidence pertaining to punishment. Accordingly, and consistent with its position stated above, the Government will disclose exculpatory evidence within its possession that is material to the issue of punishment.

### 5. Rule 16(a)(1)(A), (B), and (C): Prior Record

The Government has already provided Defendant with arrest reports, judgment and conviction documents for prior offenses and other evidence of prior bad acts pursuant to Rules 16(a)(1)(A), (B) and (C).

### 6. Rule 16(a)(1)(C) and Fed. R. Evid. 404(b): Prior Arrests, Convictions Or Bad Acts

The Government reserves the right to introduce such prior bad acts, and will address such evidence and its intentions in motions in limine to be filed separately according to the Court's scheduling orders.

//

### 7. **Rule 16(a)(1)(C): Evidence Seized**

In accordance with obligations under Rule 16(a)(1)(C) and 16(c), the Government will permit the Defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within or may come within the possession, custody, or control of the Government, and which are material to the preparation of the Defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from or belong to the Defendant.

### 8. *Henthorn* **Material**

Pursuant to United States v. Henthorn, 831 F.2d 29, 30 (9th Cir. 1991), the Government will comply with its responsibilities to review the personnel files of its agents who may serve as witnesses; and the Government will disclose any impeachment information regarding criminal investigations. The Government is presently unaware of any criminal involvement by any prospective government witness, or that any prospective government witness is under investigation. The Government objects to Defendant's request that the Assistant United States Attorney personally review all personnel files of prospective witnesses.

### 9. **Expert Witnesses**

The Government will meet obligations pursuant to Fed. R. Crim. P. 16(a)(1)(E) to disclose information regarding expert witnesses. The Government anticipates presenting testimony of a fingerprint examination expert witness who will identify Defendant's fingerprints on documents from his A-file. The Government will produce details regarding the nature of the expert's testimony, and the qualifications

of the expert when a trial date is scheduled and any expert is obtained.

### 10. Impeachment Evidence

The Government is unaware of any impeachment evidence of a prospective government witness is biased or prejudiced against Defendant. The Government is aware of, and will comply with, its obligations regarding impeachment evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

### 11. Evidence of Criminal Investigations of Witnesses

The Government is currently unaware of any pending criminal investigations against a prospective government witness is biased or prejudiced against Defendant. The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and provide such evidence if and when it becomes known.

### 12. Evidence of Bias, Motive to Lie of Government Witnesses

The Government is unaware of any evidence indicating that a prospective government witness is biased or prejudiced against Defendant. The Government is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony. The Government is aware of, and will comply with, its obligations to provide such evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

### 13. Evidence of Criminal Investigation of Witnesses

The Government is unaware of any evidence indicating that a prospective government witness is currently under criminal investigation by the Government.

### 14. Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity

As addressed in items 12-14 above, the Government is unaware of any evidence affecting the perception, recollection, ability to communicate, or veracity of any prospective Government witness. The Government will provide such evidence pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), if and when it comes to light.

### 15. The Government Is Unaware of Favorable Defense Witnesses

The Government is unaware of any witness who made a favorable statement concerning the Defendant, or of any statement that may be favorable to Defendant's defense, which have not already been provided in discovery.

### 16. Jencks Act

Consistent with the Jencks Act, 18 U.S.C. § 3500, the Defendant is not entitled to disclosure of witness statements prior to the witness testifying on direct examination at trial. The Government must produce these statements only after the witness testifies on direct examination. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States v. Mills</u>, 641 F.2d 785, 790 (9th Cir.). Indeed, even material believed to be exculpatory and, therefore, subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556 (9th Cir. 1979).

The Government reserves the right to withhold the statements of any particular witnesses until after they testify. However, notwithstanding any statements the Government deems necessary to

withhold, the Government will disclose witness statements prior to trial in as timely a manner as practicable, provided defense counsel has complied with his obligations under Rules 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure, and provided that defense counsel submitted all reciprocal discovery and "reverse Jencks" statements.

The Government will comply with its Rule 26.2 obligation to produce for the Defendant's examination statements of witnesses in the Government's possession after, or shortly before, such witnesses testify on direct examination.  The Government objects to the Defendant's request that such statements be produced at this time. Similarly, if Rule 12(i) becomes relevant pursuant to suppression proceedings, the Government will comply with obligations to produce statements in accordance with Rule 26.1.

### 17. **The Government Will Comply With *Giglio***

The Government has not made any promises, express or implied, to any government witnesses in exchange for their testimony in this case. Therefore, the Government is currently unaware of any discoverable impeachment information pursuant to Giglio v. United States, 405 U.S. 150 (1972).

### 18. **Agreements Between the Government and Witnesses**

Consistent with its obligations pursuant to Giglio, stated above, the Government will provide any agreements with witnesses. To date, however, none exist.

### 19. **Informants and Cooperating Witnesses**

Consistent with its acknowledged obligation to provide discovery of prospective witnesses' statements, the Government would provide the requested evidence.  To date, however, the Government has not employed

any informants or cooperating witnesses in the present case.

## III.

## CONCLUSION

Based on the foregoing, the Court should deny Defendant's motion to compel discovery, except as addressed above.

DATED: April 1, 2008

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        *s/ Christopher P. Tenorio*
                                        CHRISTOPHER P. TENORIO
                                        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08CR0626-JLS |
| | ) | |
| Plaintiff, | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| v. | ) | |
| | ) | |
| TOMAS RAMIREZ-PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED that:

I, CHRISTOPHER P. TENORIO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

**John C. Lemon, Esq.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2008

                                                   Respectfully submitted,

                                                   KAREN P. HEWITT
                                                   United States Attorney

                                                   *s/Christopher P. Tenorio*
                                                   CHRISTOPHER P. TENORIO
                                                   Assistant U.S. Attorney